HAGER et al. v. LOUISVILLE & JEFFER-
SON COUNTY PLANNING & ZONING
COMMISSION et al.

Court of Appeals of Kentucky.

Oct. 16, 1953.

Hardy & Logan, Louisville, for appellants.

James L. Taylor, Louisville, for appellees.

STEWART, Justice.

This is an action for a declaration of rights and for an injunction to restrain the Louisville and Jefferson County Planning and Zoning Commission, herein called the commission, from amending the master plan of the unincorporated territory of Jefferson County in the manner hereinafter described. A demurrer, filed to the petition, was sustained, and, plaintiffs below and appellants here, having failed to plead further, judgment was entered dismissing the petition.

The petition and the exhibits thereto present the following facts: On May 1, 1952, after a public notice pursuant to KRS 100.048, the commission unanimously adopted a resolution amending the above master plan by designating certain unincorporated territory lying and being in Jefferson County, known as Lower Paddy Run, Lee's Lane and Mill Creek, as "ponding areas" in connection with the flood protection project of Louisville and Jefferson County. The resolution further recites that these three ponding areas are a necessary adjunct to the foregoing flood protection project in these respective locations and that "these ponding areas will be needed as temporary storage basins."

The legality of the resolution is challenged by appellants, who sued below and are prosecuting this appeal for themselves and for the benefit of all other persons whose lands lie within the three ponding areas. Several grounds are urged for reversal, but we shall consider only two alleged in the petition which we believe are determinative of the issue raised. First, it is claimed, if the resolution is upheld, it will deprive appellants of their property without due process of law in violation of Section 1 of the Fourteenth Amendment of the Constitution of the United States and, secondly, it is asserted the proposed

action of the commission will result in the taking of appellants' property for a public use without their consent and without just compensation therefor in contravention of Sections 13 and 242 of the Constitution of Kentucky.

Appellees strenuously argue that the passage of the resolution does not amount to an attempt to regulate or in any wise restrict the use of appellants' property. The most that the resolution seeks to accomplish, it is contended, is to designate or show the exact location of these areas on the master plan for the convenience of the public. The areas were in existence as natural features of the landscape long before the resolution and this fact is being merely recognized, it is further maintained.

We are unable to subscribe to this interpretation of the resolution; for it clearly overlooks certain statements therein that imply beyond any doubt that a far-reaching restriction on the use of appellants' property is intended. As we noted above in our reference to the language of the resolution, the ponding areas are reserved as a necessary adjunct of the flood protection project of Louisville and Jefferson County, because they are needed as temporary storage basins. In short, the ultimate effect of the resolution will be to incorporate appellants' land into ponding areas as a part of the flood protection project of the city and county and this will constitute such a limitation upon the use of their property as to amount to a taking for a public use.

■ We find nothing in the zoning and planning statute applying to cities of the first class and counties containing such cities, KRS 100.031 to KRS 100.098, inclusive, which authorizes the procedure resorted to in this instance. The commission may not under the guise of amending its master plan by resolution transfer rights in private property to the city and county which the latter may only acquire by purchase or by the exercise of the power of eminent domain. See Yara Engineering Corporation v. City of Newark, 132 N.J.L.

370, 40 A.2d 559. Not only is the commission attempting to zone in a manner that is wholly illegal but its action amounts to a taking of property without due process of law in violation of Section 1 of the Fourteenth Amendment of the Constitution of the United States and the result is also an appropriation of private property for public use without just compensation in contravention of Sections 13 and 242 of the Constitution of Kentucky. It follows that the resolution is void.

We conclude that the petition states a good cause of action and it was a reversible error to sustain a demurrer to it.

Wherefore, the judgment is reversed and the case is remanded for proceedings not inconsistent with this opinion.