**Eva Louise BARNES, Appellant,**

**v.**

**Malcolm L. BARNES, Appellee.**

Court of Appeals of Kentucky.

Oct. 14, 1966.

Rehearing Denied June 30, 1967.

Garland R. Hubbard, Sam Manly, III, Louisville, for appellee.

WADDILL, Commissioner.

Appellee, Malcolm L. Barnes, was granted a divorce from appellant, Eva Louise Barnes. Eva was awarded $10,000 lump sum alimony, $500 monthly alimony as long as she remains unmarried, an automobile, $100 per month maintenance for each of their two children while they reside with her and conditional use of their residence. She was required to restore to Malcolm her interest in real estate obtained during their marriage. She appeals.

Malcolm filed this divorce action January 8, 1964, and judgment was entered January 15, 1965. During the pendency of the action various counsel represented Eva at different times but soon withdrew. The record reflects that the chancellor on many occasions urged Eva to obtain counsel. She primarily represented herself until present counsel appeared to file an amended answer and counterclaim one month after the chancellor had entered his findings of fact and conclusions of law and one day before entry of judgment.

Appellant now contends that the chancellor erred in refusing to consider her counterclaim under CR 13.06 on grounds of oversight, inadvertence, excusable neglect and the demands of justice. The record is replete with acts and situations which must have sorely tried the patience of the chancellor. These are directly attributable to her reluctance to be represented by counsel. Moreover, the contents of the counterclaim disclose nothing that would have materially changed the posture of the case. Hence we are unwilling to hold that the chancellor abused his discretion in ruling upon her counterclaim. Johnson v. Carbon Glow Coal Co., Ky., 304 S.W.2d 783.

On November 24, 1964, the chancellor stated that he would take the case under submission on the issue of divorce with the question of property rights to be considered later. On December 15, 1964, the chancellor entered his findings of fact as to both the divorce and property rights. On Jan-

uary 15, 1965, no exception to these findings having been made, the chancellor entered a final judgment. Eva now contends that the chancellor erred in deciding the property rights question without extending the time for taking further proof. We do not consider the chancellor's statement in this regard to automatically extend the time for the taking of further proof. This comment, as we interpret it, was merely an indication further proof would be heard if Eva should ask permission to present it. No such request was made prior to entry of the chancellor's findings and neither were exceptions to these findings timely filed. The opportunity thus afforded precludes any prejudice. It is apparent to us that the proffered opportunity was extended a reasonable time and rejected by Eva's inaction.

It is next argued that Eva's mental and physical condition were such that she was unable to properly defend herself in this litigation or engage counsel to do so. This conclusion, supported only by her own affidavit, was first presented on motion for a new trial. So far as disclosed by her actions before the chancellor, Eva would have been quite capable of making her position in this case understood by a lawyer had she desired to do so. Since no acceptable reason appears why she was unable to employ counsel to timely present her side of the controversy, the chancellor was justified in overruling the motion for a new trial.

It is finally contended that the chancellor erred in determining Malcolm's net worth and in computing the allowance of alimony. The chancellor found Malcolm's net worth to be about $300,000 based on an accountant's report. It is apparent that there are some misleading calculations in this report which would, if corrected, make his net worth approximately $800,000. While these misleading calculations are an intrinsic part of the chancellor's computation of Malcolm's net worth, this error does not require a reversal of the judgment because we can find no abuse of discretion in the award of alimony. We base this conclu-sion on two grounds: (1) It is clear from the record that Eva has not learned to use money wisely and therefore it would not have been in her best interest for the chancellor to give her alimony entirely in a lump sum; and (2) while the exact amount she can receive under this award is a matter of conjecture due to the allowance of periodic alimony, it unquestionably should result in her receiving a substantial share of Malcolm's estate.

The judgment is affirmed.