120 N.J. Super. 595 (1972)
295 A.2d 397
LEVITT AND SONS, INCORPORATED, A CORPORATION OF THE STATE OF DELAWARE AND AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, PLAINTIFF,
v.
TOWNSHIP OF FREEHOLD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND HAROLD H. SCHANK, TOWNSHIP CLERK OF THE TOWNSHIP OF FREEHOLD, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Argued September 22, 1972.
Decided September 22, 1972.
*596 Mr. Henry J. Saling argued the cause for plaintiff (Messrs. Saling, Moore, O'Mara & Coogan, Attorneys).
Mr. John A. Kaye argued the cause for defendants.
LANE, J.S.C.
In this action in lieu of prerogative writ plaintiff seeks a judgment compelling defendant to approve tentatively plaintiff's subdivision plat. The matter is before the court on plaintiff's motion to proceed summarily pursuant to R. 4:67-1 (b).
Plaintiff sought from the Planning Board a recommendation to the governing body of a tentative approval of a subdivision plat. After five hearings the Planning Board adopted a resolution recommending to the governing body that tentative approval be granted. Under the ordinance the Planning Board could only recommend. The recommendation was sent to the Township Committee shortly after June 21, 1972.
*597 The matter was not placed on the agenda of the Township Committee's regular meeting on July 10, 1972. The next meeting was held July 24, 1972. At that time the matter was removed from the agenda and put over to the meeting of August 1, 1972. On August 1, 1972 the Township Committee failed to act and the matter was carried to the August 15, 1972 meeting. At that meeting the application for tentative approval was tabled to be taken up at the meeting of September 11, 1972.
The complaint was filed August 23, 1972.
In opposition to the motion to proceed summarily, defendants have submitted an affidavit that the Township Committee failed to act because information had been presented to the Township Committee that homes constructed by plaintiff on another project within the Township had been completed in an unworkmanlike manner and that "the residents who have purchased the aforesaid homes are unhappy and are of the opinion that they have received an inferior product from that which they contracted to purchase." It is clear from this affidavit that the Township Committee has failed to act on the application for tentative approval to force plaintiff to cure the alleged defects in the other subdivision.
Plaintiff seeks judgment in accordance with N.J.S.A. 40:55-1.18 which provides in part:
Following favorable referral by the planning board where referral is required, the plat shall be submitted to the governing body for approval. The governing body shall take action under this section not later than the second regular meeting after the planning board submits the plat to the municipal clerk for transmission to the governing body, or within such further time as the applying party may agree to. Otherwise such plat shall be deemed to have been approved, and the certificate of the municipal clerk as to the date of the submission of the plat for approval by the governing body, and as to the failure of the governing body to act thereon not later than the second regular meeting or such further time as agreed to by the applying party, shall be issued on request of the owner or his agent and shall be sufficient, in lieu of the written indorsement or other evidence of approval herein required. If the governing body *598 disapproves any plat, the findings and reasons for such action shall be stated upon the records of the governing body, and the applicant shall be given a copy.
It is clear from the record that the governing body failed to take action within the time specified in the statute. There is no genuine issue as to any material fact. Defendants suggest that there is an issue as to whether plaintiff is entitled to the approval because of its past performance in connection with other subdivisions. Poor past performance on subdivisions unconnected with the one under consideration by the governing body is not a valid reason for denying approval.
The function of municipal bodies in respect to approval of plats is administrative. "If the plat conforms to the requirements of the regulations, it must be approved." 3 Rathkopf, The Law of Zoning and Planning (3d ed. 1971 Cumulative Supp.), pp. 71-85.
In 3 Anderson, American Law of Zoning (1968), § 19.24, it is stated:
The power of a planning commission or other reviewing agency is derived from the state enabling act. Accordingly, a condition for approval may be imposed only if it is authorized by statute. Conditions must, of course, be reasonable in the context of the subdivision in issue. [at 443-444]
See Sussex Woodlands, Inc. v. Mayor and Council of Tp. of West Milford, 109 N.J. Super. 432, 434-438 (Law Div. 1970). Cf., J.D. Land Corp. v. Allen, 114 N.J. Super. 503, 508 (App. Div. 1971).
A municipality may not withhold approval for a subdivision plat even though it may have evidence that the builder has in the past done an inadequate job in the construction of homes. Subdivision control is not to be used for that purpose. The municipality has available to it other means of protecting its citizens. See N.J. Builders Ass'n v. Mayor E. Brunswick Tp., 60 N.J. 222 (1972).
*599 There being no genuine issue as to any material fact and it appearing that plaintiff is entitled to the relief sought, there will be a judgment that the plat be deemed to have been tentatively approved and the certificate of the municipal clerk affixed to the plat as of the date of submission of it for tentative approval by the governing body, which shall be sufficient to evidence tentative approval in lieu of the written endorsement or other evidence of tentative approval required.