EVA L. BARNES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barnes v. Commissioner
Docket No. 6141-72
United States Tax Court
T.C. Memo 1973-189; 1973 Tax Ct. Memo LEXIS 100; 32 T.C.M. (CCH) 883; T.C.M. (RIA) 73189; August 27, 1973, Filed Eva L. Barnes, pro se. James Silhasek, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined the following deficiencies and additions to tax in petitioner's Federal income taxes for the calendar years 1966 through 1970: Year
Deficiency
Additions to Tax
[1] §6651(a)
§6653(a) 1966
$866.00
$216.50
$ 43.30
1967
866.00
216.50
43.30
1968
930.95
232.74
46.55
1969
952.60
238.15
47.63
1970
882.01
220.50
44.10
TOTAL
$4,497.56
$1,124.39
$224.88
*101 2 The issues for determination are: 1. Did petitioner receive alimony payments which are includible in her gross income during the years 1966 through 1970? 2. If petitioner did receive alimony payments which are includible in gross income, (a) was her failure to file timely Federal income tax returns due to reasonable cause or willful neglect, and (b) is any part of the underpayment of tax due to petitioner's negligence or intentional disregard of rules and regulations? FINDINGS OF FACT Some of the facts have been stipulated are accordingly found. Petitioner was a resident of Louisville, Kentucky at the time she filed her petition in this case. In 1965 petitioner was a party to a divorce action in the State of Kentucky. A divorce decree was entered by the Jefferson Circuit Court, Chancery Branch, on January 15, 1965 which provided that "MALCOLM L. BARNES, * * * is hereby granted an absolute divorce from the bonds of matrimony with * * * EVA B. BARNES [petitioner herein]." This decree further provided that Malcolm pay petitioner $500 per month "as periodic alimony, the first payment due and payable within thirty (30) days after date of this Judgment, and a *102 like sum each and every month thereafter, so long as [petitioner] lives and remains unmarried." Petitioner appealed the divorce decree 3 to the Court of Appeals of Kentucky, and in 1966 the Court of Appeals affirmed the lower court's decree. Barnes v. Barnes, 415 S.W. 2d 602 (1966). The divorce decree is in all respects valid and binding. Petitioner has not remarried, and payments in accordance with the divorce decree have been made throughout the years 1966, 1967, 1968, 1969, and 1970. During the years in issue, petitioner did not timely file yearly Federal income tax returns as required and did not pay Federal income taxes. Petitioner was under the erroneous illusion that no valid divorce had taken place, that the monthly payments to her were therefore not alimony, and that accordingly (a) she had no income, (b) no Federal income tax return was required to be filed, and (c) no Federal income tax was required to be paid. OPINION Petitioner contends that the divorce between Malcolm and her was invalid, and that therefore the payments she received from Malcolm were not alimony. We have found that the divorce decree entered by the Jefferson Circuit Court, *103 and later affirmed by the Kentucky Court of Appeals, is in all respects a valid legal document.Accordingly, the periodic payments denoted therein as "periodic alimony" and paid pursuant to the divorce decree constitute alimony and as such are included in petitioner's gross income. Section 71(a) 4 (1). [2] Therefore petitioner is liable for the unpaid taxes on this income as computed by respondent. Since the periodic payments petitioner received were alimony, it necessarily follows that petitioner was required to file *104 timely Federal income tax returns and pay the taxes due. This she failed to do. Accordingly, respondent determined additions to the tax (a) pursuant to section 6651(a) for petitioner's failure to file timely tax returns, and (b) pursuant to section 6653(a) for petitioner's underpayment of tax due to petitioner's negligence or intentional disregard of rules and regulations. Section 6651(a) provides for an addition to tax for failure to file a timely return unless the taxpayer can show such failure is due to reasonable cause and not willful neglect. Petitioner apparently contends that her failure to file timely returns was due not only to her erroneous conclusion of law that the payments she received were not alimony, but also because her accountant, now deceased, advised her that she owed no taxes and her former husband also assured her "she need not pay" any taxes. The only evidence offered of the accountant's advice was petitioner's testimony. No corroborating 5 documentary evidence from the deceased accountant was produced; on the contrary, it appears from the record that the accountant actually prepared a return for petitioner for one of the earlier years which petitioner *105 refused to sign. Petitioner's former husband, who was present at the trial and testified as to other aspects of this case, neither corroborated nor denied petitioner's statement (which appears only in her brief and nowhere in the record) that he assured her she did not have to pay any taxes. Moreover, petitioner's testimony at trial was confusing, disorganized and unconvincing. Based on the entire record, we hold that petitioner's failure to file timely returns was not due to reasonable cause. Stevens Bros. Foundation, Inc., 39 T.C. 93, 129 (1962), modified 324 F.2d 633 (C.A. 8, 1963), cert. denied 376 U.S. 969 (1964); Eleanor C. Shomaker, 38 T.C. 192, 201 (1962); Robert A. Henningsen, 26 T.C. 528, 536 (1956), affirmed 243 F.2d 954 (C.A. 4, 1957). Accordingly, respondent's addition to the tax pursuant to section 6651(a) is sustained. 6 Section 6653(a) provides for an addition to tax if any part of any underpayment is due to negligence or intentional disregard of rules and regulations. The burden of proof is on the petitioner where, as here, the negligence penalty was determined in the deficiency *106 notice. Gibbs & Hudson, Inc., 35 B.T.A. 205, 211 (1936). For the reason stated above in connection with the failure to file penalty, we find that petitioner's underpayment of tax was due to negligence or intentional disregard of rules and regulations.Respondent's determination of this penalty is also upheld.
Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue. ↩
2. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. ↩