O. H. SNYDER and Helen C. Snyder, his
wife, d/b/a Owensboro Homes,
a partnership, Appellants,

v.

OWENSBORO, Kentucky, a political subdivi-
sion, etc., et al., Appellees.

Court of Appeals of Kentucky.

May 23, 1975.

Rehearing Denied Sept. 19, 1975.

Sandidge, Holbrook & Craig, P. S. C.,
Ronald M. Sullivan, Owensboro, for appel-
lants.

Rummage, Kamuf & Yewell, Charles J.
Kamuf, Hugh D. Moore, Joseph L. Ban-
ken, Owensboro, for appellees.

CULLEN, Commissioner.

The appellants, Snyders, made applica-
tion to the Owensboro Metropolitan Plan-
ning Commission (hereinafter OMPC),
which has planning jurisdiction throughout
Daviess County, Kentucky, for approval,
under KRS 100.277, of a preliminary plat
for the subdivision of a 21.19-acre tract of
land lying near the City of Owensboro.

OMPC denied approval, for stated reasons. The Snyders appealed to the Daviess Circuit Court, pursuant to KRS 100.347. The circuit court found that one of the stated grounds for denying approval of the plat was not valid, but the other grounds were valid, and that the action of OMPC was not unreasonable or arbitrary. Judgment was entered accordingly, upholding OMPC's action. The Snyders have appealed to this court from that judgment.

The tract of land in question is rectangular in shape. Its southern and eastern sides border on a county road known as Beatch Road. That road, running along those boundaries of the tract, makes a 90-degree turn at the southeast corner of the tract. Also, near the northeast corner, it makes another 90-degree turn to the east. The primary objections by OMPC to the proposed plat relate to the road situation.

The comprehensive plan adopted by OMPC for Daviess County, pursuant to KRS 100.183 to KRS 100.197, contained a proposal for a future change in the course of Veatch Road in the area of the Snyder tract, so as to extend the road from the point where it now meets the tract at the northeast corner, diagonally across the tract to the southwest corner, thus eliminating both of the 90-degree turns. The primary reason asserted by OMPC for denying approval of the Snyder plat was the failure of the plat to provide for a "collector street" diagonally across the subdivision which would in effect supply the proposed change of course for Beatch road. That reason is the one which the circuit court found to be invalid.

■ The subdivision *regulations* adopted by OMPC under KRS 100.281 contained a section stating that if a proposed plat is disapproved, "the reasons for such disapproval, referring to the requirements of law and/or these regulations, shall be stated in clear and concise terms." We consider that section to set forth in substance what due process would require anyway. The

statement by OMPC of its reasons for disapproval of the Snyder plat did not refer to the specific requirements of the law or of the regulations, and in fact none of the stated reasons can be related to any specific provision of the law or the regulations. In our opinion this renders the disapproval invalid.

■ Our statute, KRS 100.281, specifies requirements for the contents of subdivision regulations. The statute plainly contemplates that specific standards shall be set forth, rather than mere broad generalizations with regard to health, safety, morals and general welfare, or the use of such flexible terms as "most advantageous development."

The proposition is generally accepted in other jurisdictions that a mere generalization of matters to be considered in approval of subdivision plats is not sufficient; there must be rules and regulations constituting specific standards to be applied in determining whether approval is to be granted. See Rathkoff, The Law of Zoning and Planning, Vol. 3, p. 71–18. And the power of a planning board to approve or disapprove plats is limited by those rules and regulations. Rathkoff, Vol. 3., p. 71–82.

■ It follows, therefore, that the approval of subdivision plats is a *ministerial* act. See Knutson v. State, 239 Ind. 656, 157 N.E.2d 469; Castle Estates, Inc. v. Park & Plan Bd. of Medfield, 344 Mass. 329, 182 N.E.2d 540; R. K. Dev. Corp. v. City of Norwalk, 156 Conn. 369, 242 A.2d 781; Levitt and Sons, Inc. v. Township of Freehold, 120 N.J.Super. 595, 295 A.2d 397. That our statute so intends is made obvious by the provision of KRS 100.281 that the planning commission may *delegate* to its secretary or any other officer or employe the power to approve plats.

The appellees herein, OMPC and others, cite some of our Kentucky cases dealing with the granting of *variances* from zon-

ing regulations. Of necessity, the granting of variances, based on factors such as hardship, requires the exercise of some *discretion*. That is not so, however, in the determination of the fact of whether there is a *compliance* with regulations, as in the case of approval of subdivision plats.

 While OMPC cited a number of reasons for disapproval of the Snyder plat (none of which referred to any specific law or regulation), it is admitted in the appellees' brief that the "basic problem" with the plat and the "fundamental reason" for the disapproval lay in the failure of the plat to remedy the existing deficiencies in the course and design of Veatch Road. As hereinbefore stated, the main objection (which the circuit court found to be invalid) was concerned with the failure of the plat to supply a changed course for the road so as to eliminate the 90-degree turns. Another ground of objection was that the plat did not provide for widening the right-of-way of the road at the turn at the southeast corner of the Snyder tract, which widening was thought necessary because, although the existing *right-of-way* was of ample width, the existing *pavement* ran close to the property line. The sections of the regulations which OMPC now cites to us as supporting those grounds (but which were not cited as reasons in the statement of disapproval) do not in fact support them. A third ground of objection was that the main street entering into the proposed subdivision, near the northeast corner, would not be in alignment with Veatch Road as it approaches the Snyder tract from the east (before making its 90-degree turn to the south). Again, we do not interpret the regulation now cited by OMPC in support of that ground as meaning that the street must enter from an existing road at the exact point of a 90-degree turn.

The appellees undertake in their brief to cite, with reference to sections of the regulations, *new* reasons why it was proper to disapprove the Snyder subdivision plat. Those reasons cannot for the first time be raised here, because not only the regulations themselves, but considerations of due process, required that they be stated when the disapproval was made.

The judgment is reversed, with directions to enter judgment setting aside the Owensboro Metropolitan Planning Commission's order of disapproval of the Snyder plat, and directing the commission to approve the plat.

All concur.