William George CALLAHAN, Appellant,

v.

Patricia Viola CALLAHAN, Appellee.

Court of Appeals of Kentucky.

March 23, 1979.

Joseph V. Mobley, Louisville, for appellant.

William Blackburn, Louisville, for appellee.

Before HOWARD, REYNOLDS and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a judgment entered December 20, 1977, which granted a dissolution of marriage and awarded maintenance and child support and divided the property of the parties.

The original dissolution was filed by the petitioner/appellee on March 4, 1976, and an amended petition was filed on October 5, 1976. The petitioner/appellee moved to reallot the case from Judge Oldham to Judge Stephenson. Trial was set for December 6, 1977, at which time the trial judge's reporter did not appear and neither party had made arrangements for a private stenographer. Appellant's deposition had been taken on November 22, 1976. At the conclusion of the evidence, the trial judge directed the respective lawyers to submit their proposed findings on behalf of their clients, and thereafter, adopted the findings of the petitioner/appellee's attorney. This appeal followed.

The appellee has failed to file a brief in this appeal, and therefore, we will consider the appellant's statements as to the facts and issues as correct, pursuant to Civil Rule 76.12(8)(c)(i).

Appellant sets out the following questions:

1) Did the trial court abuse its discretion in awarding maintenance and child support?

2) Did the trial court abuse its discretion in adopting the values set out in the wife's proposed findings when the only proof introduced as to the marital estate is the husband's assets and liabilities data?

3) Did the trial court commit reversible error in failing to draft its own findings?

This Court affirms the judgment of the trial court in regard to the award of maintenance and child support, but reverses as to the values of the marital estate and reverses the trial court for its failure to draft findings of fact as provided by Civil Rule 52.01.

A careful examination of the record here indicates that the trial court did not abuse its discretion in awarding an effective pay order of $650.00 per month as maintenance and child support to be paid out of an average income of the husband of

$1,118.00 net per month. The award of $25.00 per week for maintenance is consistent with the facts in this case and the directions of KRS 403.200. We cannot say that the decision of the trial judge was clearly erroneous when viewed in the light of the duration of the marriage and the availability of the appellee to find more lucrative employment. The valuation errors do not require us to reverse the award of maintenance. *Barnes v. Barnes*, Ky., 415 S.W.2d 602 (1966).

■ It appears that the values placed by the trial judge upon the household furnishings and the 1969 automobile awarded to the appellee were clearly erroneous. The trial court found the furnishings to be worth $500.00 and the automobile to be valued at $100.00. We believe these findings are in error because the only proof as to the furnishings was the appellant's valuation of $2,000.00. Moreover, the record supports the conclusion that the automobile was worth at least $650.00. Although we recognize the trial judge's difficulty in arriving at findings in this respect because of the parties relative failure to introduce effective proof as to their assets and expenses, we do not believe this error can be overlooked.

■ The trial court committed reversible error in failing to draft its own findings as required by Civil Rule 52.01.

■ The appellate courts of this state have universally condemned the practice of adopting findings of fact prepared by counsel. In this case the judgment clearly recites that it was tendered by the attorney for the successful party. This practice has been repeatedly condemned because of the problems such findings present upon appellate review. Although we are totally sympathetic to trial judges and fully appreciate the difficulty of trial courts in handling the volume of cases that they must consider, particularly in an urban area where criminal and domestic cases frequently clog the dockets, we cannot condone the delegation by the trial court of its responsibility to make findings of fact, because based on such findings subsequent conclusions of law and the ultimate judgment results. It is critically important to the litigants to be assured that the decision making process is totally under the control of the trial judge. It is equally important for the appellate courts to be similarly confident if and when they become involved in the judicial process. Civil Rule 52.01; *Kentucky Milk Marketing and Anti-Monopoly Commission v. Bordon Co.*, Ky., 456 S.W.2d 831 (1970); *Brunson v. Brunson*, Ky.App., 567 S.W.2d 173 (1978). Although under certain conditions, for purely clerical reasons, the preparation of some documents may be delegated to counsel, such a situation should be limited to routine matters and should be conducted under the close scrutiny of the trial court. *United States v. El Paso Natural Gas Co.*, 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964).

In this particular situation the poor record, which is compounded by a lack of stenographic transcription, exemplifies the damage of adopting findings as tendered by counsel. Upon review, it appears to us that the result of these findings is not consistent with the evidence in the record.

It is the holding of this Court that the trial judge did not abuse his discretion in awarding maintenance and child support, and therefore, that portion of the judgment is affirmed.

It is the further holding of this Court that the trial judge was clearly erroneous in adopting the values of the appellee in the findings of fact which he signed, and therefore, that portion of the judgment is reversed and remanded to the trial court with directions to reconsider the evidence in the record.

It is the further holding of this Court that the trial judge committed reversible error in failing to draft his own findings and in adopting findings presented by trial counsel that were not supported by the record.

All concur.