Dinwiddie LAMPTON, Anne B. Fields, and Belle Trigg, Appellants,

v.

Marvin E. PINAIRE, Jr., Faith C. Pinaire, James D. Allen, Jr., Goshen Developers, Inc., Malama Development Company, Inc., R. H. Rice, Oldham County Fiscal Court and Oldham County Joint Planning and Zoning Commission, Appellees.

OLDHAM COUNTY FISCAL COURT and Oldham County Joint Planning and Zoning Commission, Appellants,

v.

MALAMA DEVELOPMENT COMPANY, INC. and Goshen Developers, Inc., Appellees.

Court of Appeals of Kentucky.

Sept. 5, 1980.

Rehearing Denied Nov. 14, 1980.

Discretionary Review Denied Feb. 13, 1981.

916

Bruce R. Hamilton, Fonda V. McClellan, William P. Croley, LaGrange, for appellants Dinwiddie Lampton, Anne B. Fields and Belle Trigg.

Thomas F. Manby, Jr., James L. Theiss, LaGrange, Joseph C. Souza, Robert H. Rice, Louisville, for appellees Marvin E. Pinaire, Jr., Faith C. Pinaire, James D. Allen, Jr., Goshen Developers, Inc., Malama Development Company, Inc. and R. H. Rice.

James W. Pike, LaGrange, for appellants Oldham County Joint Planning and Zoning Commission and Oldham County Fiscal Court.

Before GANT, HOWERTON and VANCE, JJ.

VANCE, Judge.

These consolidated appeals are from a judgment of the Oldham Circuit Court in three consolidated actions. The first action (107–77) was filed in the circuit court by appellants Lampton, Fields and Trigg seeking to enjoin construction or alteration of Goshen Lane, a county road, without compliance with the provisions of KRS Chapter 178 and demanding compensation for any of their land which might be taken in improving the road. A cross-appeal was filed by appellees Malama Development Company, Inc., and R. H. Rice against the Oldham County Fiscal Court challenging the constitutionality of certain provisions of the Oldham County subdivision regulations under the authority of which Malama had been required to make improvements to Goshen Lane as a condition precedent to approval by the planning and zoning commission of Malama Farms Subdivision.

Action number 164–77 was initiated by appellant Lampton who objected to lack of notice of a meeting of the planning and zoning commission at which the requirements which had been placed upon the developers of Malama Farms Subdivision in relation to the improvement of Goshen Lane were changed by reducing the pavement width. A cross-claim similar to that filed in action number 107–77 was filed by appellees Marvin E. Pinaire, Faith C. Pinaire and James D. Allen, Jr.

The third of the consolidated actions (237–77) contested the approval of plats for the two adjacent subdivisions, Goshen Hills and Lakeview Estates, Sections 11 and 111. The complaint alleged that approval of these subdivisions violated the Oldham County subdivision regulations in that the plats failed to comply with the applicable zoning standards then in effect for the property and that approval of the plats could not be justified on the basis of a grandfather clause.

The trial court entered a judgment which held unconstitutional those portions of the Oldham County subdivision regulations which require dedication of additional right-of-way to existing streets by subdivision developers as a taking of real estate without just compensation. The judgment also held void and unenforceable the contingencies placed upon the approval of Malama Farms Subdivision as the planning and zoning commission has no authority to impose additional conditions upon a subdivision plan that is in conformity with the

comprehensive plan. The opinion of the circuit court specifically found that the Oldham County Planning and Zoning Commission has no jurisdiction or authority over the Oldham County road system. In relation to the approval of the plats for Goshen Hills and Lakeview Estates, Sections 11 and 111, the trial judge merely recited the findings of the planning and zoning commission and held that it was within the authority of the commission to make such findings. The court declined to invalidate approval of the plans.

■ Appellants Lampton, Fields and Trigg advance several arguments in support of their contention that the judgment below is erroneous. Their first allegation of error concerns the trial court's adoption of findings of fact and conclusions of law prepared by counsel for appellees Pinaire, Allen, Goshen Developers, Inc., Malama Development Company, Inc. and Rice. We are mindful of the condemnation of the practice of adopting findings of fact prepared by counsel for the prevailing party set out in *Callahan v. Callahan*, Ky.App., 579 S.W.2d 385 (1979), and we likewise criticize the practice. However, in this instance it appears from the record that the trial judge asked both sides to submit proposed findings and counsel for appellants admits that this may have been the case. While we do not condone the action of the trial court, we decline to reverse the judgment on that basis.

The second issue addressed by appellants Lampton, Fields, and Trigg, is the primary issue raised in the appeal by the Oldham County Fiscal Court and Oldham County Planning and Zoning Commission: whether the commission or fiscal court may exact from developers land, money, or improvements as a condition precedent to approval of subdivision plats. The trial court invalidated the Oldham County subdivision regulation requiring a dedication of additional right-of-way for existing streets. The court determined that the regulation was unconstitutional as it allowed a taking of

property without just compensation. We disagree.

■ Oldham County has a comprehensive plan for growth and development. Such is a prerequisite to establishing subdivision regulations. KRS 100.273. Oldham County's subdivision regulations include a provision relating to design standards for streets. Subsection H of Article 5, Section 3, is entitled "Dedication of Right-of-Way for Existing Streets." It reads as follows:

> Subdivisions platted along existing streets shall dedicate additional right-of-way if necessary to meet the minimum street width requirements set forth in Section S3B of this Article.

Subsection (1) of Section H provides in part:

> When the subdivision is located on only one side of an existing street, one-half (½) of the required right-of-way width measured from the centerline of the existing roadway shall be dedicated.

The regulation is not unreasonable on its face, and such a regulation is permitted by KRS 100.281(4) and (5). KRS 100.281 provides that all subdivision regulations shall be based on the comprehensive plan and shall contain:

> (4) Specifications for the physical improvements of streets, utilities and other facilities, and the extent to which they shall be installed or dedicated as conditions precedent to approval of any plat, including the provisions of subdivision performance bonds to insure proper completion of physical improvements.

> (5) Specifications for the extent to which land is to be used for public purposes shall be reserved as a condition precedent to approval by the commission of any subdivision plat. The planning commission may require a reservation, not to exceed two (2) years, for parks, open space, school and other public uses.

■ When a state's statutes authorize it, a local government may adopt subdivision

regulations which require a dedication of land for public purposes. 82 Am.Jr.2d, § 166, *Zoning and Planning*; McQuillan, *Municipal Corporations*, 3rd Ed. revised, Vol. 8, Sec. 25.146(a); and Yokley, *Zoning Law and Practice*, 4th Ed., Vol. 3, Section 17–9. Such a power may not be totally unbridled, however, and its application is subject to the standards for due process and reasonableness.

■ Public policy nevertheless requires that the one who develops his land for a profit also may be required to bear the cost of additional public facilities made necessary by the development. Local governments are not obligated to develop private property, and indeed, developers must construct streets and other public improvements in a proper manner in order to hold the local government's maintenance costs to a minimum once the dedicated property has been accepted for public purposes. Most local governments barely have funds for necessary maintenance purposes, much less for original construction purposes.

■ Any substantial development of subdivided property will create a burden on public utilities and neighboring streets. It makes no sense to allow one to develop property in such a manner as to increase traffic on an abutting street, and then require the authorizing authority to condemn part of the property to provide an adequate thoroughfare. The intent of dedication is not to put an unreasonable burden on the landowner, but to permit him to develop his land without putting an unreasonable burden on others. So long as the taking of a portion of the land, whether on the exterior or from the interior, is based on the reasonably anticipated burdens to be caused by the development, the dedication requirements as a condition precedent to plat approval are not an unconstitutional taking of land without just compensation.

*Hager, et al. v. Louisville and Jefferson County Planning and Zoning Commission*, Ky., 261 S.W.2d 619 (1953) is distinguishable because it did not involve a factual situation where a restriction in use or dedication of property for a public purpose was required of one who by development of his property for a profit had created a necessity for the public improvement.

*Snyder v. Owensboro*, Ky., 528 S.W.2d 663 (1975) has been cited for the proposition that the exacting of land as a condition precedent to plat approval is impermissible. *Snyder* is clearly distinguishable from this case. In *Snyder*, there was no clear subdivision regulation that allowed or required the planning commission to request the dedication it demanded. Broad generalizations contained in the subdivision regulations, which were the basis for requiring the dedication, were properly condemned. Approval of a proposed subdivision plat was declared to be a mere ministerial act, so long as all requirements of the regulations were met. In *Snyder*, the requirements had been met and the court properly ordered an approval of the plat.

■ In this case the trial court erroneously determined that part of the subdivision regulations were unconstitutional. We hold the subdivision regulations which required dedication of land for additional right-of-way to bring an abutting street up to the width requirements of the subdivision regulations are not unconstitutional on their face. The regulation, however, must meet the standards for due process and withstand a test of reasonableness.

■ Upon remand the trial judge shall determine from the evidence whether the dedication of additional right-of-way required by the subdivision regulations is reasonable in consideration of any reasonably anticipated future traffic burden which the development of the subdivision will impose on the existing road. Unless the regulation is determined to be arbitrary and unreasonable, considered in the light of the facts of this case, it is a valid regulation and compliance with it is a prerequisite to plat approval.

We subscribe to the view expressed by the trial court that the planning and zoning commission has no control over the construction or improvement of county roads. That is a function of the fiscal court. The planning commission conditioned the approval of the Malama Farms Subdivision plat contingent upon acceptance by the fiscal court of Goshen Lane being improved with a twenty-four-foot wide pavement.

Goshen Lane presently is paved to a width of fifteen feet. The planning commission cannot compel the fiscal court to enlarge the width of the pavement. The developer cannot require the pavement to be widened. The subdivision regulation requires only that the developer dedicate sufficient right-of-way to allow the abutting county road to be widened. When such a dedication is made the subdivision regulation is complied with and the plat should be approved.

The attempt to attach, as a condition of plat approval, a requirement that the fiscal court accept the improvement of the county road was an unlawful exercise of power by the commission and the condition was properly invalidated.

Appellants Lampton, Fields and Trigg next complain that the trial court erred in failing to make findings regarding the alteration of Goshen Lane without compliance with KRS Chapter 178. We are persuaded that it was error for the trial judge to fail to make a finding as to whether the work being done on Goshen Lane is a relocation or alteration that would bring it within the purview of KRS Chapter 178. If upon remand, the trial judge determines that the improvement of Goshen Lane does constitute a relocation of that road, it then necessarily follows that the fiscal court must be enjoined from continuing any such construction without compliance with the statutes relating to notice and advertisement of the relocation, the letting of contracts, and specifications for the work.

These appellants also insist that the failure of the planning and zoning commission to give the required notice of the meeting of May 26, 1977, which resulted in a change in the requirements placed on the developers of Malama Farms Subdivision relating to the improvement of Goshen Lane, renders any action taken at that meeting void.

We have held invalid the attempt by the planning commission to require a twenty-four-foot paved roadway. The amendment of this requirement to a twenty-foot roadway at the May 16, 1977, meeting would likewise be invalid. Since the requirements have been invalidated they cannot be prejudicial to appellants Lampton, et al.

The May 16, 1977, meeting also required the dedication of a fifteen-foot additional right-of-way. We have held that the requirement of the subdivision regulations for the dedication of right-of-way is not unconstitutional on its face. Unless the regulation is held to be arbitrary upon remand, it must be complied with.

The commission at its May 16, 1977, meeting undertook to reduce the total width of the road right-of-way from sixty feet to forty-five feet. This attempted change is not valid if the commission failed to comply with statutory notice requirements. Upon remand the trial court will make necessary findings of fact on this issue and enter a proper judgment as to the validity of the action of the commission in this regard.

Appellants Lampton, Fields and Trigg next assert that the trial court erred by its failure to invalidate the approval of the Oldham County Joint Planning and Zoning Commission of the subdivision plats of the Goshen Hills Subdivision and the Lakeview Estates Subdivision. The basis of this contention is that at the time the subdivision plats were approved the property was zoned R–2 (single family residential) with a minimum lot size of 12,000 square feet and that some of the lots as shown by the plats were smaller than the minimum size. Thus it is

contended that on its face the subdivision plan did not comply with the minimum requirements of the zoning ordinance and should not have been approved.

The property in question was originally subdivided as the Country Club Estates and a plat of the subdivision was recorded in 1958. Some time between 1958 and 1974 some water lines were laid in the subdivision and some roadways were cut with a grader.

In June, 1974, a new subdivision plat of this property was approved and recorded under the name of Harmony Lake Subdivision.

In August, 1977, still another plat of this property was approved and recorded, this time under the names of Goshen Hills and Lakeview Estates, Sections 11 and 111. The August, 1977, approval of the subdivision plats is the subject of this appeal.

In August, 1977, according to exhibits filed without objection, the property was in an R–2 zoning classification. Some question was raised in appellees' brief that the correct zoning is R–2A, but the zoning map filed as an exhibit indicates the correct zoning is R–2 and at oral argument the appellees conceded that the zoning map filed is an accurate copy of the official zoning map.

The Planning and Zoning Commission made a finding in August, 1977, that:

1. The land in question had previously been platted in 1958 and revised in 1974.
2. There had been some development of the property, roads under construction and water lines installed.
3. The history of the Commission is to allow development under grandfather clause of property platted prior to zoning.
4. The revision proposed in 1977 would result in improvement over the previously recorded plats.

It seems clear that the Commission recognized that the plat submitted for approval in 1977 did not comport with the zoning requirements which then existed, but the plat was approved nevertheless because the Commission historically allowed development under a so-called grandfather clause of property which had been platted prior to zoning.

We have no quarrel with the general proposition that zoning changes as to lot size which occur after a subdivision plat is recorded and approved and development begun should not be allowed to interfere with the development of the property according to the original plat.

The facts of this case raise two questions which must be considered in any determination of whether the action of the Planning and Zoning Commission in this case was arbitrary:

1. Had there been any substantial development of the property under the previously recorded plats?
2. Did the recordation of a new plat constitute a new subdivision of the property?

The trial court did not address either of these questions and we must remand the case for a consideration of these questions by the trial court. We note in passing, however, that our review of the evidence does not disclose that any electric utility or gas lines had been installed upon the property prior to 1977. Although some water lines had been installed the evidence indicates that they had rusted out or disintegrated to the point where none of them were usable and it was contemplated that all of them would be removed and replaced. Although some roadways had at one time been graded out, none of them had been paved or surfaced and the system of roadways was substantially altered by the plat submitted in 1977. The two subdivisions contain in excess of 250 lots and the evidence does not go into detail as to the changes effected as to each lot by the new plat, but a glance at the plats shows that many of the lots were changed in overall size and in road frontage under the new plats.

We do not perceive any reason why a new plat which materially alters the size and shape of lots and the location of roadways should not be considered to be a new subdivision of the property subject to the

then existing zoning restrictions and this is especially true absent a finding supported by the evidence that there has been a substantial development of the subdivision under the original plats as recorded. The fact that a new subdivision plat is an improvement over the old one is not a sufficient reason to approve the new plat when it does not comply with the present zoning requirements.

When the plat was approved and recorded in June, 1974, the property was subject to an interim zoning regulation which required a minimum lot size of 10,000 square feet and apparently the plat complied with this requirement.

The zoning ordinance which established the R–2 (12,000 square foot minimum) and R–2A (7,500 square foot minimum) zones was not adopted until July, 1974. Appellees' contention that this property was actively zoned R–2A in June, 1974, when that plat was recorded is without merit because no such classification existed in June, 1974. As we have noted, the property was zoned R–2 (not R–2A) in the zoning ordinance adopted in July, 1974.

Since the judgment is to be vacated and remanded for further consideration by the trial judge and the entry of a new judgment, the question as to costs shall also be reconsidered and costs shall be allocated as the trial judge shall deem appropriate in light of the new judgment.

The judgment is vacated and the case remanded for additional findings and the entry of a new judgment in conformity with this opinion.

HOWERTON, J., concurs.

GANT, J., concurs in result only.