RENDERED:  DECEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1468-MR

CHARLES F. HOLDEN                                         APPELLANT

v.            APPEAL FROM JEFFERSON CIRCUIT COURT
              HONORABLE DERWIN L. WEBB, JUDGE
              ACTION NO. 11-CI-503722

RACHAEL A. HOLDEN                                         APPELLEE

OPINION
VACATING AND REMANDING
AND ORDER DENYING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND MOYNAHAN,
JUDGES.

MOYNAHAN, JUDGE: Appellant, Charles F. Holden ("Husband"), appeals from

an October 2024 order of the Jefferson circuit court that found him in violation of a

June 2015 agreed order.  He also appeals that court's denial of his subsequent

motion to alter, amend, or vacate the 2024 order.  Appellee, Rachael A. Holden

("Wife"), filed a motion for sur-reply in response to Husband's reply brief.  After a

careful review of the record, we VACATE and REMAND the October 2024 order and DENY the motion for sur-reply.

## BACKGROUND

The Holdens married in California in 1991. Husband worked as a pilot throughout the marriage, first as an officer in the United States Air Force ("USAF"), and later as a commercial pilot for United Parcel Services ("UPS"), based in Louisville. In 1994, Husband accepted an early release buyout offered to servicemembers after the first Gulf War. In return for leaving active-duty military service before becoming retirement eligible, he received a one-time monetary payout. Husband later rejoined the USAF and was then obligated to repay the buyout sum. Husband began collecting his military retirement in 2021, and repayment of the buyout is being achieved via installment payments that are automatically withheld from his monthly benefit.

The Holdens separated in 2011. Divorce proceedings were protracted due to custody discussions regarding two then minor children, challenges accompanying the sale of a marital home, accounting issues related to the division of Husband's future retirement benefits, and an acknowledged filing error in the clerk's office. Due to these various delays, although the property settlement agreement was filed in 2012, the final decree of dissolution was not officially entered until 2013.

Husband has two vested retirements: he is entitled to receive defined benefit pensions for both his military service and his civilian employment. The UPS account is a private sector retirement plan, so it falls under the Employee Retirement Income Security Act ("ERISA"). Therefore, equitable division was achieved via a Qualified Domestic Relations Order, or QDRO. Military retirement plans are not covered by ERISA, however, so the parties addressed the military pension in the property settlement agreement negotiated prior to the divorce. Unfortunately, as the trial court observed, the section dealing with the military retirement was "short, vague, and ambiguous."[1]

The parties entered into a subsequent agreement in 2014 to clarify matters. Per this agreement, Husband agreed to participate in the Survivor Benefit Plan ("SBP") when he reached retirement age in order to provide continued income to Wife in the event of his death. Wife agreed to pay the monthly premiums for the SBP. In 2015, another agreed order was entered stating that Husband was prohibited from taking any action that would reduce or limit Wife's monthly entitlement.[2]

The SBP premiums began accruing in 2021 when Husband started receiving his military pension. Wife failed to pay the premiums as promised.

---

[1] Order, February 21, 2014, p. 2, Record on Appeal ("ROA") at 218-221.

[2] Order, June 16, 2015, ROA at 312-313.

Husband's direct requests yielded no results, so he filed a motion to compel Wife to comply with the 2014 agreed order and pay the SBP premiums. Wife immediately responded by filing a motion for unauthorized reductions to her entitlement in violation of the 2015 agreed order. Husband had elected to receive certain Veterans Administration ("VA") benefits that he was eligible for, resulting in a VA Waiver deduction to his retired pay. Also, mandatory installment payments were being withheld from his monthly benefit pursuant to the aforementioned debt owed to the United States government. These two facts reduced Husband's net monthly benefit amount, thereby reducing the base amount used to calculate Wife's entitlement as a former spouse.

## PROCEDURAL HISTORY

Husband filed for divorce in 2011. The parties agreed on a marital property settlement delineating their respective property rights in 2012. A final decree of dissolution was entered in 2013, and the final decree incorporated the preceding property settlement agreement by reference. The parties executed additional agreed orders in 2014 and 2015 that addressed retirement issues.

In October 2022, Husband filed a motion to compel Wife to pay the SBP premiums as promised in the 2014 order. Wife then filed a motion requesting relief for reductions to her former spouse entitlement. The trial court ordered the

parties to mediate, but mediation attempts proved unsuccessful. The case then proceeded to a hearing.

The trial court issued an order in October 2024 styled "Findings of Fact and Conclusions of Law (Proposed by Respondent)" in which it adopted Wife's proposed findings of fact and conclusions of law *verbatim*. Husband filed a motion to alter, amend, or vacate the order. The trial court denied the motion.

Husband timely filed a Notice of Appeal. His appeal is twofold: he is appealing both the trial court's October 2024 findings of fact and conclusions of law and its denial of his motion to alter, amend, or vacate that order.[3]

Following the normal appellate briefing sequence, Wife tendered a sur-reply along with a motion requesting the Court permit it to be filed. The motion for sur-reply will be addressed below.

## STANDARD OF REVIEW

Kentucky Civil Rule of Procedure ("CR") 52.01 provides that "Findings of fact[] shall not be set aside unless clearly erroneous, and due regard

---

[3] Husband's motion to alter, amend, or vacate the October 2024 order pursuant to CR 59.05 was denied. When a motion to alter, amend, or vacate is denied, the underlying judgment remains in effect and unchanged. Any appeal must be from that judgment, because the order denying the CR 59.05 motion is not the final and appealable decision. These denials are considered interlocutory in nature; therefore, they are not subject to appellate review. *Ford v. Ford*, 578 S.W.3d 356, 366 (Ky. App. 2019); *see also Cassetty v. Commonwealth*, 495 S.W.3d 129, 131-132 (Ky. 2016); *Marshall v. Paducah*, 618 S.W.2d 433 (Ky. App. 1981); and Kentucky Revised Statute ("KRS") 22A.020. For this reason, our substantive review is necessarily limited to Husband's appeal of the trial court's October 2024 order.

shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

A judgment is not clearly erroneous if it is supported by substantial evidence, which is defined as "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998) (citing *Kentucky State Racing Commission v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972)).

"Finally, a trial court has wide discretion in dividing marital property; and we may not disturb the trial court's rulings on property-division issues unless the trial court has abused its discretion." *Smith v. Smith*, 235 S.W.3d 1, 6 (Ky. App. 2006). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ANALYSIS

### I. Survivor Benefit Plan Premiums and the October 2024 Order

Husband contends that Wife should reimburse him for the full amount of the monthly SBP premium.[4] Wife disagrees and argues that she is only obligated to pay a lesser portion of the SBP premium. She also alleges that Husband is in contempt of the 2015 agreed order, because he has reduced her

---

[4] The SBP premium is currently $366 per month.

former spouse entitlement by receiving his VA benefits and continuing to repay the government debt owed for the service buyout.

Both parties agree that Wife is legally responsible for all fees, costs, or premiums associated with the SBP.[5] In dispute is how to accurately determine the exact amount of that monthly obligation. Since the Defense Finance Accounting Service ("DFAS") will not bill SBP premiums directly to former spouses, Wife is supposed to reimburse Husband directly for the premium each month. Husband contends that Wife should reimburse him the full amount of the monthly SBP premium – even as that amount increases through annual cost of living adjustments. Wife contends that she should only pay Husband 70% of the premium amount each month. The DFAS accounting system automatically deducts the SBP premium from Husband's gross monthly retirement pay before it calculates Wife's former spouse entitlement. This means that her former spouse entitlement is calculated on a lower base amount: Husband's gross retirement pay minus the SBP premium. Thus, Wife argues that she should only be held responsible for 70% of the total SBP premium amount to offset the automatic reduction to her monthly benefit.

As noted above, the parties entered into an additional agreement in 2015 that prohibits Husband from taking any action that would reduce the amount

---

[5] Order, February 21, 2014, ROA at 218-221.

of Wife's former spouse entitlement. This agreement specifically bars Husband from rolling over the military pension into other retirement accounts. It also specifically bars him from seeking "Veterans Administration benefits, Combat Related Special Compensation and/or Concurrent Retirement and Disability Pay." The order is silent regarding the government debt incurred back in 1994, when the couple was establishing their family, and which is now being recouped via automatic deductions. Notably, unlike with marital property, there is no statutory presumption that a debt incurred during a marriage is marital in nature.[6] Instead, debts are reviewed and assigned based on multiple factors such as the timing and receipt of benefits, the use of any proceeds, and the extent of participation. *Smith*, 235 S.W.3d 1. The October 2024 order lacks any discussion or analysis of this debt that would explain why Wife should or should not bear some of its repayment cost. Nor does the order address how Husband could retroactively renege on a legally incurred debt to the United States government. Since the 2015 agreement did not address the government debt, these are among the issues the trial court would be expected to consider and decide in its final order.

Husband (Petitioner) and Wife (Respondent) both proffered proposed findings of fact and conclusions of law to the trial court. The court then went on to

---

[6] See KRS 403.190 "Disposition of property" which defines marital property and governs its disposition upon dissolution.

adopt Wife's proposed findings and conclusions. This fact pattern alone does not constitute reversible error. *Bingham v. Bingham*, 628 S.W.2d 628 (Ky. 1982). However, a long line of preceding appellate cases including *Bingham*, have all made it abundantly clear that a trial court must exercise independent judgment and never cede its ultimate fact-finding and decision-making responsibility to the parties under CR 52.01. *Basham v. Basham*, 710 S.W.3d 1 (Ky. App. 2025); *T.R.W. v. Cabinet for Health and Family Services*, 599 S.W.3d 455 (Ky. App. 2019); *Callahan v. Callahan*, 579 S.W.2d 385 (Ky. App. 1979); *Kentucky Milk Marketing and Anti-Monopoly Commission v. Borden Company*, 456 S.W.2d 831 (Ky. 1969). In this case, several features of the October 2024 order give us pause. It was entered still styled as "Findings of Fact and Conclusions of Law (Proposed by Respondent)." A closer review reveals that there are no differences, in form or substance, between the document Wife tendered and the order entered by the trial court. Wife's proposals were all adopted *verbatim*, even down to the formatting, pagination, and spacing. There are no additions, deletions, revisions, or corrections. A side-by-side comparison of Wife's proposed findings and conclusions and the ones ultimately entered by the trial court shows no modifications whatsoever. In fact, an incorrect number related to the SBP premium was adopted on page 11 of the document. Typographical errors are unavoidable, but the mistake adopted here was more substantive and material than

the misplaced apostrophes described in *Retherford v. Monday*, 500 S.W.3d 229, 231 (Ky. App. 2016). Indeed, an accurate calculation of the SBP percentage was one of the central issues being litigated in this case.

Wife concedes that under the clear language of the Uniformed Services Former Spouses' Protection Act ("USFSPA"),[7] "disposable retired pay" excludes SBP deductions, VA Waivers, or debt repayments. She further acknowledges that Kentucky courts have consistently upheld this law, and the Kentucky Supreme Court specifically addressed and excluded VA benefits received in lieu of military retirement pay from marital property division in *Davis v. Davis*, 777 S.W.2d 230, 233 (Ky. 1989). However, she points to the *Davis* court's recognition that application of the law can result in potential inequities to the former spouse to support her arguments. The *Davis* court addressed that potential for an unfair result though, by noting that trial courts have the power to mitigate any inequities by using their broad discretion to award spousal support and/or divide other marital property. Kentucky's appellate courts acknowledge that discretionary power and afford it great deference in these matters. However, that discretion must be exercised before deference can be given. Cumulatively, the concerns noted above raise legitimate questions about whether the trial court undertook the independent fact finding and deliberation required by CR 52.01.

---

[7] 10 United States Code ("U.S.C.") § 1408.

It is not improper for a trial court to invite counsel to submit proposed findings and conclusions to facilitate its deliberations. Nor is it improper for a trial court to use such submissions to assist with the clerical work necessarily involved in drafting a final order. However, CR 52.01 does not permit a trial court to delegate its deliberative responsibilities to the parties. This divorce case presents complicated factual and legal situations pertaining to financial accounting, military pensions, marital debt, and the agreements that parties must sometimes enter into to compensate for DFAS's relatively inflexible accounting system. These are not routine clerical matters that can be delegated for administrative convenience, they are complex matters that demand a trial court's careful deliberation, detailed findings, and independent conclusions.

## II. Motion for Sur-Reply

Wife tendered a sur-reply with an accompanying motion requesting that it be filed and considered as part of the record. Sur-replies are not a permitted filing pursuant to Kentucky Rule of Appellate Procedure ("RAP") 30. This rule states: "No briefs other than those listed below or amicus curiae briefs pursuant to RAP 34 will be considered except on order of the court." Sur-replies are not included in the filings explicitly delineated by RAP 30. Therefore, Wife's motion for sur-reply must be denied.

## **CONCLUSION**

For the reasons set forth above, we hereby VACATE the October 2, 2024 order, and REMAND with instructions that the trial court make its own findings of fact and conclusions of law based on the totality of the evidence presented as required by CR 52.01. Further, the Appellee's motion for sur-reply is hereby DENIED.

ALL CONCUR.

ENTERED: ___12-19-2025___

JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:

Allison Spencer Russell
Louisville, Kentucky

BRIEF FOR APPELLEE:

Jonathan S. Ricketts
Louisville, Kentucky