**James William JONES,
Movant/Appellant,**

v.

**Patricia Ann JONES,
Respondent/Appellee.**

Supreme Court of Kentucky.

Dec. 6, 1984.

William R. Meredith, Harrodsburg, for movant/appellant.

Paula M. Raines, Lexington, for respondent/appellee.

STEPHENSON, Justice.

The principal question presented on this appeal is whether military retirement benefits are marital property. The trial court entered judgment in a divorce action dividing military retirement benefits between the parties. We granted transfer and affirm the judgment of the trial court.

Shortly after the marriage of the parties in 1956, James Jones joined the Air Force and retired in 1976 after twenty-years' service with monthly benefits of $1,251.60. The parties separated in 1981 and were divorced in 1983. The trial court adjudged that Patricia Jones should have 50 percent of the net retirement for her lifetime or until the death of James Jones, whichever first occurs.

As background to this proposition, the United States Supreme Court in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), effectively closed the door on varied approaches to this problem by the various states. The Court, after reviewing the legislative history of the military retirement pay system, held that:

"... (it) confers no entitlement to retired pay upon the retired member's spouse, and does not embody even a limited 'community property concept.' The language, structure and history of the statutes make it clear that retired pay continues to be the personal entitlement of the retiree."

The opinion further determined that the Supremacy Clause of the United States Constitution requires that all states follow the interpretation of military retirement pay as non-marital property.

Congress then in 1982 enacted legislation, Title 10, § 1408(c)(1) of the United States Code, effective in February 1983, which relates to retirement pay and provides in pertinent part:

"Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court."

This legislation nullified *McCarty* and left this issue to the states.

■ We are of the opinion that in the absence of a statute to the contrary, military retirement pay should be treated as

marital property. KRS 403.190(2) provides, "For the purpose of this chapter, 'marital property' means all property acquired by either spouse subsequent to the marriage except: ...."

The military retirement pay here was accumulated entirely during the marriage, and by any test we can think of is property within the meaning of KRS 403.190(2). Thus the pay is subject to division by the court as marital property.

Here the retirement pay is vested and being received at the time of the divorce. The duration of service to qualify for the pension took place entirely during the period of the marriage. We do not attempt by this opinion to resolve the problems that may arise due to fact situations different from those here.

We have reviewed the record and are of the further opinion the equal division of the retirement pay by the trial court is not clearly erroneous.

The judgment of the trial court is affirmed.

STEPHENS, C.J., and AKER, GANT, LEIBSON, STEPHENSON, VANCE and WINTERSHEIMER, JJ., sitting.

All concur.