**George F. CONROY, Appellant,**

v.

**Jeraldine CONROY, Appellee.**

**No. 08–84–00212–CV.**

Court of Appeals of Texas,
El Paso.

March 5, 1986.

John Mundie, Miranda & Boyaki, El Paso, for appellant.

Larry Schwartz, Schwartz, Earp, McClure, Cohen & Stewart, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is a divorce case involving a dispute as to the property division and the support of one child still under eighteen. Findings of fact and conclusions of law were requested and filed. The granting of the divorce is not appealed. We affirm.

In two points of error, Appellant contends the trial court erred in considering Appellant's disability retirement pay and Veterans' Administration pay as part of his separate property and in dividing the marital estate; and further, erred in setting the child support. In addition to her reply, Appellee urges an additional cross-point that in the event of remand, the court erred in characterizing Appellant's disability retirement pay as separate property.

The Conroys were married in October, 1959, and separated in 1983. Major Conroy went on active duty in the armed forces in 1956 and completed eighteen years twenty-eight days of active duty before being retired with a sixty percent disability on June 8, 1974. Including his reserve and national guard time, he had twenty-two years nine months and twenty-five days service. Trial was had before the court without a jury in September, 1983, and judgment entered March 8, 1984. One child remained under eighteen years of age at the time of the divorce, his birth date being December 7, 1975. Appellant's income at time of trial was $3,117.11. Appellee had no income. The $3,117.11 was comprised of Veterans' Administration pay of $1,337.00, disability retirement pay of $633.11, social security of $892.00, plus $255.00 for the child. Ap-

pellant testified his social security of $892.00 would be less after the divorce, but he could not testify what the reduced amount would be. Appellant was fifty-one, Appellee forty-seven. Appellee had never worked outside the home during the twenty-four years of marriage. She had nothing more than a high school education and no prospect for immediate employment. There was no contest as to the mother having the custody responsibility for the child as managing conservator.

Other than the general assertion of insupportability, there was evidence that Appellant had on occasion pointed a pistol at his wife. The court succinctly found that the husband was at fault in the breakup of the marriage. Additionally, in its findings and conclusions, the court found that a continuation of the marriage would substantially benefit the wife, that the income was as previously stated, that the husband's earning capacity, business opportunity, education, training and experience greatly exceeded that of the wife, and that the wife's responsibility for the child justified an unequal distribution of community property and that the division made was fair, just and equitable considering the factors aforementioned and the rights of the child. The court concluded the child support awarded was reasonable considering the needs of the child and the father's ability to pay. There was no request for additional findings and conclusions.

■ The court's judgment, after crediting the child's $255.00 per month social security, ordered the husband to pay an additional $845.00 per month through September, 1985, $645.00 per month from October 1, 1985, to October 1, 1987, and $445.00 per month thereafter until the child reached the age of eighteen. He was also ordered to take care of the child's health needs, through the military or otherwise, and to keep certain insurance in force. The mother's evidence of the child's needs totalled $2,076.95. Appellant presented no evidence of his needs and showed a monthly income in excess of $3,000.00 to be reduced after divorce in some amount which

he did not establish. The mother had no income and, in the property hereinafter treated, was to assume a monthly mortgage payment of $386.00 per month on the house in which the child was to live. Considering the diminution of the child's list of needs achieved by cross-examination, under the evidence before the court we can find no abuse of discretion on the trial court's part regarding child support. Nor do we follow Appellant's contention that the child support resembles alimony. In this regard see: *Robinson v. Robinson*, 694 S.W.2d 569. (Tex.App.—Corpus Christi 1985, no writ). Point of Error No. Two is overruled.

Under the property division, Appellant received all of his disability pay, all of his Veteran's Administration pay, the social security except for the $255.00 attributable to the child, one car, his personal effects, one-third of the china and silver, a grandfather clock, and three life insurance policies on his life, subject to the wife receiving a sum equal to the then cash surrender value. Appellee wife was awarded the home with the obligation of the remaining mortgage payable at $386.00 per month, one car, two-thirds of the china and silver, household goods and furnishings, certain life insurance and an amount equal to the cash value of the three policies awarded the husband, her personal effects and the survivor benefit package regarding his retirement pay after his death, provided she pay the premiums for the survivor benefit.

■ There is no question that the Veterans' Administration pay is Appellant's separate property. *Ex parte Burson*, 615 S.W.2d 192 (Tex.1981). As to Appellant's as well as Appellee's contentions that the court erred in characterizing the disability pay as separate property, we do not find such characterization in the judgment. It is true that the court referred to it as disability pay, which it was. For the reasons hereinafter stated, we believe that the military disability retirement pay is community property. Prior to *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) there is no question that Texas law provided that military disability pay

was community property. *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970). The *McCarty* case expressly excluded military disability retired pay from consideration when the Court said:

> The question presented by this case is whether, upon the dissolution of a marriage, federal law precludes a state court from dividing *military non disability retired pay* pursuant to state community property laws.

10 U.S.C.A. sec. 1408(a)(4)(1983) likewise provides:

> "Disposable retired or retainer pay" means the total monthly retired or retainer pay to which a member is entitled (*other than the retired pay of a member retired for disability* under Chapter 61 of this title). . . .

(Emphasis provided in the above two quoted extracts).

▰ Thus, it appears clear that neither *McCarty* nor the cited act pertain whatsoever to military disability pay. Military disability is governed by 10 U.S.C.A. sec. 1201 (1983) which contains no anti-alienation language. We conclude that the military disability retirement pay is divisible community property. But, that is not to say that the trial court cannot make a fair, just and equitable division of community property encompassing an award of all of that portion of the community property to the husband with offsetting awards of other property to the wife. The court in dividing community property is not required to divide each asset equally or even to divide each asset at all. *Mial v. Mial*, 543 S.W.2d 736 (Tex.Civ.App.—El Paso 1976, no writ).

In determining that military disability retirement pay is divisible community property, we are not unaware of *Patrick v. Patrick*, 693 S.W.2d 52 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.), but to the extent that it is not in concert we disagree. The court in *Schuster v. Schuster*, 690 S.W.2d 644 (Tex.App.—Austin 1985, no writ), also a post *McCarty* decision, is consistent with our position and with that decision we do agree in that regard. Nor are we unaware that in a letter to counsel, now made part of the record, the court expressed the erroneous view that the military disability pay was not divisible. Everything considered, we find the view expressed harmless.

▰ Risking some repetition and including within this summary that which we have already stated heretofore, the wife was forty-seven years old and had not worked outside the home at any time during the twenty-four year marriage. Appellant had an income in excess of $3,000.00 per month, she had none and poor prospects for any immediate alleviation of that imbalance. By her appointment as managing conservator of the child, to which the Appellant agreed, she assumed that responsibility with all of its incumbent obligations as well as the mortgage on the family home. The trial court found that the husband was at fault in the breakup of the marriage and the court was free to find under the record before us an overall attitude on Appellant's part that he was leaving a wife of many years in a serious financial condition. All factors taken into account, the trial court was justified under the facts in this case to order a disproportionate division of property. Under Section 3.63 of the Family Code, the court shall order "a division of the estate . . . in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." Applying this standard to the record before us, we find no abuse of discretion. Point of Error No. One is overruled and we need not further consider the cross-point.

The judgment is affirmed.