Obie SPRATLING, Appellant,

v.

Gladys SPRATLING, Appellee.

Court of Appeals of Kentucky.

Dec. 12, 1986.

Pate, Bailey & Rigney, G. William Bailey, Jr., Elizabethtown, for appellant.

Lewis, Bland, Preston & Birdwhistell, Barry Birdwhistell, Elizabethtown, for appellee.

Before HAYES, C.J., and HOWERTON and REYNOLDS, JJ.

HOWERTON, Judge.

Obie Spratling appeals from a judgment of the Hardin Circuit Court and alleges that the court erred by awarding Gladys a portion of his vested military pension, by requiring him to pay a debt of $1,000 to Sears, and by allowing Gladys to reside in the marital residence until their child reaches age 18 or is emancipated or until the parties move from the home. We find no reversible error concerning any of these issues, and we affirm the judgment.

Obie's military pension is vested. He has not retired, but upon retirement he will be entitled to receive retired benefits, which the court determined to be a marital asset as authorized by 10 U.S.C. § 1408, and *Jones v. Jones*, Ky., 680 S.W.2d 921 (1984). The court's order awarded Gladys a fractional share of the monthly benefit from and after such time as the benefits are paid upon Obie's retirement. The share is to be one-half of a fraction, the numerator of which will be the total of full months that the parties were married while Obie was in the Army, and the denominator of which will be the total number of months that Obie served in the Army.

Obie argues that the decision is premature, because it is possible that he will retire under a disability benefit rather than his longevity benefit. 10 U.S.C. § 1408(c)(1) (1983), reads in part:

Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

§ 1408(a)(4) provides, however, " '[d]isposable retired or retainer pay' means the total monthly retired or retainer pay to which a member is entitled (other than the retired pay of a member retired for disability under Chapter 61 of this title)...." Since Obie has not yet retired, and since he may be totally or partially retired for disability purposes, he contends that the court's order in dividing the retirement pay is premature. We find no reversible error.

Obie's retirement pay is vested. It is a valuable marital asset. Gladys has earned an entitlement to a portion of this retirement pay from and after the time it is received. Its present value could be determined actuarially, but it is very doubtful that Obie would be able to pay Gladys her value in this marital asset. She is entitled to receive her earned portion, and the court logically and properly ordered that it be paid beginning at the time Obie begins drawing his retirement pay. Whatever pay he ultimately receives, and for whatever purposes, he must satisfy paying Gladys her value in this asset. If Obie ultimately retires in whole or in part on a disability pension from the Army, the court may reconsider what part of the payment, if any, must be exempt as an additional benefit over and above the longevity retirement pay. Nevertheless, Gladys will be entitled to receive what would otherwise be her value of the normal longevity retirement pay. This should not be a problem, but if it becomes a problem, the court can resolve

the issue at such time as Gladys requires the aid of the court to enforce her rights.

■ As to the requirement that Obie pay a $1,000 debt to Sears, we find no problem. The trial court determined that the debt was a marital debt, and in making the division of marital properties and assignment of all assets and debts, the court ordered that this debt be paid by Obie. We find nothing reversible on this point in fact or law.

■ Obie finally argues that the trial court erred by allowing Gladys to reside in the marital residence until the emancipation of their child. The present problem is that Gladys has now remarried and continues to reside in the home. KRS 403.190(1) authorizes the trial court to allow the custodial parent of a child to remain in the marital home. In this case, the home was paid for. It was the only home that the child had known. Obie was given approximately $8,200 more value in the division of the marital estate, and the trial court considered that the unpaid interest on this excess would be a reasonable consideration for the occupancy of the house. The court ordered that when the child was emancipated or if Gladys moved from this residence that the property would be sold and she would then receive the first $8,200 with the remaining value to be divided equally between the parties. Under the circumstances in this case, we find no error.

The judgment of the Hardin Circuit Court is affirmed.

All concur.