Randall A. Hutchens, M. Ronald Christopher, Murray, for appellant.

C. Mark Blankenship, Murray, for appellee.

Before HAYES, McDONALD and WEST, JJ.

HAYES, Judge:

**Earnest WEST, Appellant,**

v.

**Lillian WEST, Appellee.**

Court of Appeals of Kentucky.

Sept. 11, 1987.

The appellant, Earnest West, in this marriage dissolution appeal complains that the trial court erroneously divided his military pension and erroneously declared a "gift of labor" by the appellee's brother in the construction of the parties' residence as nonmarital property of the appellee. The other issues raised by appellant we determine to be within the sound discretion of the trial court and a review of this record discloses no abuse of that discretion. However, we reverse and remand because the trial court was clearly erroneous in it's decision pertaining to the military pension and the so-called gift of labor.

■ There is no doubt that the military pension the appellant receives is for disability and not for regular retirement as found by the trial court. All the evidence in this record is that appellant was separated from the military under Title 10 U.S.C.A. § 1201 after some eighteen (18) years of military service. It is clear that that section of the USCA pertains to disability retirement and not regular retirement.[1]

---

**1.** Although not important to the decision of this case because of the section of the USCA under

The case of *Jones v. Jones*, Ky., 680 S.W.2d 921 (1984), sets forth the legislative history of military pensions as to whether such is to be classified as marital or nonmarital property in marriage dissolution cases. As stated in *Jones*, the Congress of the United States, in 1982, enacted Title 10, § 1408(c)(1). Previous to this enactment, the case of *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), had determined that military pensions were not divisible as marital property. Title 10, § 1408(c)(1) changed that insofar as "disposable retired or retainer pay." However, the definition of "disposable retired or retainer pay" *excludes* "retired pay of a member retired for disability under Chapter 61 of this title." Title 10, U.S.C.A. § 1408(a)(4). As stated in *In Re Marriage of Bornstein*, 359 N.W.2d 500 (Iowa App. 1984), disability benefits are not considered as property in a dissolution of marriage, since they are statutorily exempt from all claims other than claims of the United States, and are not divisible or assignable under 38 U.S.C.A. § 3101.

Appellee argues that these benefits should be treated the same as workers' compensation benefits or a recovery for personal injury in a tort claim, for which there is precedent in Kentucky law. The simple answer is that, unlike workers' compensation and tort recoveries, disability benefits received for military service are exempted by law.

■ The trial court awarded the appellee a $10,000.00 nonmarital interest in the marital residence because of labor contributed to the building of the home by appellee's brother. This was error. The brother was not, nor did he ever intend to be, paid for his labor. He testified the labor was contributed for both appellant and appellee. Neither party cites any authority, and we are unable to find any, for such a holding. For this Court to permit such would open a "can of worms" and place upon an already overburdened trial court in domestic relations cases the duty to determine what a "gift of labor" is, but also its worth in each particular case. Unless the Kentucky Legislature so dictates, we believe fairness and equity may be accomplished in these cases without such a demand on the trial courts.

We reverse and remand this case to the trial court for the entry of a judgment consistent with this opinion.

All concur.

---

which appellant was discharged, we do note that the appellant had less than 20 years' service and there was no proof of entitlement to any retirement other than for disability.