Doris L. DAVIS, Movant,

v.

Lonnie DAVIS, Jr., Respondent.

No. 88–SC–000680–DG.

Supreme Court of Kentucky.

Sept. 28, 1989.

Barry Birdwhistell, Lewis, Bland, Preston & Birdwhistell, Elizabethtown, for movant.

R. Terry Bennett, Skeeters & Bennett, Radcliff, for respondent.

## OPINION OF THE COURT

The question is whether veterans' disability benefits, received by a veteran as a result of his election to waive retirement benefits in a like amount may be treated as divisible marital property in a divorce proceeding. The Court of Appeals held that such disability benefits were not subject to division as marital property. We granted discretionary review. Upon the joint motion of the parties we abated review pending the decision of the United States Supreme Court of precisely the same question. In *Mansell v. Mansell*, —— U.S. ——, 109 S.Ct. 2023, 104 L.Ed.2d 675 (decided May 30, 1989), the United States Supreme Court held that veterans' disability benefits were not subject to division as marital property in a divorce proceeding even though the veteran had simply elected to receive the disability benefits in lieu of regular retirement benefits which would have been subject to division as marital property. This result is the same as that reached by the Kentucky Court of Appeals.

Accordingly, we affirm the decision of the Court of Appeals and adopt its opinion which was in words and figures as follows:

"NO. 87–CA–1680–MR

LONNIE DAVIS, JR., APPELLANT

v.

DORIS L. DAVIS, APPELLEE

APPEAL FROM HARDIN
CIRCUIT COURT

Hon. HUGH ROARK, JUDGE

CIV. ACT. NO. 86–CI–936

REVERSING

\*    \*    \*    \*    \*    \*

BEFORE: COMBS, HAYES and WEST, Judges.

WEST, Judge. This is an appeal from a dissolution of marriage action in which the primary issue involves the division of appellant's military retirement and disability pay. The question, as limited to these particular facts, is one of first impression in this Commonwealth, and one which has resulted in conflicting decisions in other jurisdictions.

The existing law, simply put, is that military retirement pay is divisible marital property in Kentucky. *Jones v. Jones*, Ky., 680 S.W.2d 921 (1984). On the other hand,

Veterans Administration (V.A.) disability payments to a serviceman who becomes disabled (prior to serving 20 years) are not divisible as marital property. *West v. West*, Ky.App., 736 S.W.2d 31 (1987). The problem arises where a serviceman retires based upon longevity, but is also eligible to receive disability payments based upon a disability rating from the VA. For such persons to actually receive the VA disability pay, however, they must *waive* their retirement pay in an amount equal to the percentages recoverable for the disability. As 38 U.S.C. § 3101(a) makes such disability payments tax-exempt, this waiver is apparently a common practice. Appellee argues and the trial court held that as appellant was 'entitled' to receive the amounts in monthly retirement, the fact that he elected to receive VA payments instead, should not defeat his spouse's right to one-half of the monthly payments.

In this case, appellant was in the Army for 26 years and retired in 1982, four years prior to the parties' divorce action. Although he retired based upon longevity, in June of that same year, the Veterans' Administration found him to be 40% disabled. Since 1982, appellant's disability rating has been increased from 40% to 80%. Of course, the retirement pay from the Army has accordingly been reduced by the amounts received from the VA. *See* 38 U.S.C. § 3105.

The trial court essentially held that Lonnie's disability pension merely stepped into the place of his regular military-retirement pension. In holding this was marital property, the court looked to the definition of retirement pay as set forth in 10 U.S.C. § 1408(a)(4) [sic], the Uniformed Services Former Spouses' Protection Act (the Act) (Pub.L. No. 97–252) (1982). The act provides:

> (4) 'Disposable retired or retainer pay' means the total monthly retired or retainer pay to which a member is entitled (other than the retired pay of a member *retired for disability under Chapter 61 of this title*) ... *less amounts ... waived in order to receive compensation under Title 5 or Title 38.* (Emphasis added.)

By way of explanation, this Act grants to the states the right to treat 'disposable retired pay' as either separate property or marital property according to the law of the jurisdiction. 10 U.S.C. § 1408(c)(1). Chapter 61 of Title 10 provides retirement pay for physical disability which occurs while the member is serving but has served less than twenty years. Chapter 11 of Title 38 provides for disability compensation for illness or disease which manifests itself after completion of military service.

The court below, in treating appellant's pay as marital property noted that Lonnie was not 'retired for disability under Chapter 61' and thus found that his monthly payments fell within the definition of disposable retired or retainer pay. In so ruling, however, the court ignored the remainder of the definition which specifically excludes 'amounts waived in order to receive compensation under ... Title 38.'

Here, appellant applied for and was granted disability benefits under Title 38 and waived a like portion of his military retirement pay in order to receive that compensation. While we certainly recognize the problems and inequities which could arise from this decision, we hold that Congress has clearly excluded from division those 'amounts waived in order to receive compensation under Title 38.' There is no ambiguity in the statute and the trial court's opinion simply disregards the aforementioned language.

As counsel for appellant candidly admits, all jurisdictions are not in agreement on this question. [*See*, 94 ALR3d 176, *Annotation:* Pension Rights—Division on Dissolution (1979, and Supplement August 1987) for a discussion of various results in other jurisdictions.] In one similar case, a California appellate court ruled that despite the federal law, it would not permit the military spouse to destroy the other spouse's marital rights by accepting a disability retirement and opting not to elect a longevity retirement. *In re Marriage of Mastropaolo*, 166 Cal.App. 3rd 953, 213 Cal.Rptr. 26 (1985). However, in the case of *In re Marriage of Costo*, 156 Cal.App.3d 781, 203

Cal.Rptr. 85 (1984), another appellate court ruled that Congress had clearly limited the rights of the states to treat disposable retired pay as marital property and that the exclusion of 'amounts waived in order to receive VA disability' preempts state domestic relations law. Having reviewed the various authorities, we find the reasoning of the court in *Costo, supra,* et al., to be most persuasive and analogous to this situation. *See, also, Ex Parte Burson,* Tex., 615 S.W.2d 192 (1981); *King v. King,* 149 Mich.App. 495, 386 N.W.2d 562 (1986).

Unlike the situation present in many of the authorities cited by appellee, this appellant did not retire under Chapter 61 of Title 10. *See, e.g. In re Marriage of Daniels,* 186 Cal.App.3d 1084, 231 Cal.Rptr. 169 (1986); *In re Marriage of Mastropaolo, supra,* 213 Cal.Rptr. 26, 27. Although some courts have refused to find federal preemption on this question, we believe the statute evidences a clear intent on the part of Congress to preempt and prevent division of VA benefits as marital property. [*Contra, Campbell v. Campbell,* La.App., 474 So.2d 1339 (2 Cir.1985)]

Moreover, in returning to Kentucky law, we believe this approach is consistent with our prior holdings and statutory scheme. In *West v. West,* Ky.App., 736 S.W.2d 31 (1987), this Court followed the strict language of 10 U.S.C. § 1408(a)(4) to exclude disability pay received under Chapter 61. The Court noted that disability benefits are statutorily exempt from division. *Id.* at 32. In *Jones v. Jones,* Ky., 680 S.W.2d 921 (1984), the Supreme Court held military retirement pay would be marital property, only 'in the absence of a statute to the contrary.' *Id.* We believe 10 U.S.C. § 1408(a)(4) clearly presents a contrary intent in regard to these waived amounts.

Finally in *Spratling v. Spratling,* Ky. App., 720 S.W.2d 936 (1986), we upheld prospective division of a vested military retirement pension despite the serviceman's claim that he could possibly retire under a disability benefit plan. However, the court pointed out that if the spouse did ultimately retire on a disability pension, the trial court could 'reconsider what part of the payment, if any, must be exempt as an additional benefit over and above the longevity retirement pay.' *Id.* at 937.

We note that even in several of appellee's cited authorities, which did not find federal preemption of state law, the courts have still remanded for ascertainment of what portion of the payment represented 'additional disability' over and above the original longevity pension. *Daniels, supra,* 231 Cal.Rptr. at 171. Those benefits in excess of the longevity benefits, if any, are clearly the separate property of appellant. *Conroy v. Conroy,* Tex.App., 706 S.W.2d 745 (8 Dist.1986). At the very least, we would remand this case for such a determination in accordance with *Spratling.*

■ However, after much consideration, we further hold that pursuant to 10 U.S.C. § 1408(a)(4), 'amounts waived in order to receive compensation under title 38,' or, VA benefits received in lieu of military retirement pay, are specifically excluded from division as marital property. In so holding, we recognize the potential for inequity to the former spouse, but conclude that the wording of this statute evidences an intention on the part of Congress to make these payments solely for the use of the disabled veteran. Furthermore, if an inequity arises in an individual case, the trial court can resolve the problem according to our statutes by making an appropriate award of spousal support and/or marital property. KRS 403.190, KRS 403.200. *See, e.g. Repash v. Repash,* Vt., 528 A.2d 744 (1987).

■ In light of our reversal on the retirement disability issue, the court must also reconsider its division of the parties other property and its rulings on maintenance. *Newman v. Newman,* Ky., 597 S.W.2d 137 (1980). The only other issue raised on appeal concerns the allocation of appellee's $10,000 certificate of deposit to her exclusively. It is puzzling to this Court that the trial court made findings that this money was all earned during the marriage and further noted that while appellee was requesting a share of appellant's retirement, she was not willing to share any of

hers. (There was testimony that $3500 of the $10,000 came from her retirement.) The lower court also pointed out that such property is presumed to be marital property regardless of whether title is held individually. Nevertheless, the court awarded ownership of this account (C.D.) to appellee only.

While we can understand appellant's confusion and dissatisfaction with that ruling, it is not grounds for reversal. The trial court has wide discretion in dividing marital property and the division need not be equal, but only 'in just proportions.' KRS 403.190(1). Particularly, in light of our prior ruling regarding the appellant's pension in this case, the court's refusal to divide the account herein does not constitute an abuse of discretion.

Accordingly, the judgment is reversed and the case remanded for proceedings consistent with the views expressed herein."

STEPHENS, C.J., and GANT, LAMBERT, LEIBSON, VANCE and WINTERSHEIMER, JJ., sitting.

All concur.