**Marshall D. BISCHOFF, Appellant,**

v.

**Ardith L. BISCHOFF, Appellee.**

**No. 97–CA–0375–MR.**

Court of Appeals of Kentucky.

Aug. 14, 1998.

Discretionary Review Denied by Supreme Court April 14, 1999.

---

**4.** Spouses and other non-heirs would also need consent of all the living co-owners at the time of burial.

James A. Maples, Elizabethtown, for Appellant.

Kenneth L. Gibson, Jr., Radcliff, for Appellee.

Before ABRAMSON, DYCHE and HUDDLESTON, JJ.

## OPINION

ABRAMSON, Judge.

Marshall D. Bischoff ("Bischoff") appeals from a judgment awarding Appellee Ardith L. Bischoff ("Ardith") one-half of the equity in the marital residence. He maintains that because this property was purchased solely with Veterans' Administration disability benefits it is not subject to division as marital property upon dissolution of the marriage. We disagree and affirm.

The facts are not complex. Throughout the parties' ten-year marriage, Marshall was receiving disability benefits from the Veterans' Administration as a result of injuries he received while in the military, as well as benefits from the Social Security Administration. Ardith earned approximately $500 per month from part-time work outside the home, and the parties earned approximately $2000 per year in a joint tobacco enterprise. At a hearing before the trial commissioner, there was conflicting evidence as to whether Marshall's disability payments were co-mingled with sums earned by Ardith and with the proceeds of the tobacco venture. Marshall testified that he made all of the payments on the marital residence from his disability payments. Ardith testified that about half of her income went into household expenses. The trial commissioner determined that Marshall had failed to trace any non-

marital interest in the parties' real property and that the property had been acquired through their joint efforts.

Adopting the commissioner's recommendations, the trial judge awarded the marital residence to Marshall, but directed him to pay one-half of the equity in that property to Ardith. Marshall argues in this appeal that because the payments on the residence were made solely from his disability benefits which are exempt from division as marital property by federal statute, the residence must be construed to be his non-marital property.

The treatment of military disability pay in a dissolution action was explored by the Kentucky Court of Appeals in *West v. West*, Ky.App., 736 S.W.2d 31 (1987). After briefly tracing the history of federal enactments, the *West* Court concluded that:

> disability benefits are not considered as [marital] property in a dissolution of marriage, since they are statutorily exempt from all claims other than claims of the United States, and are not divisible or assignable under 38 U.S.C.A. § 3101.[1]

736 S.W.2d at 32. The question to be resolved in this appeal is whether the exempt character of military disability benefits extends to property purchased with the benefit funds. Although we find no Kentucky caselaw directly on point, we are guided by both federal caselaw and the opinions of courts of other jurisdictions which have considered the matter and have concluded that the exemption applicable to the disability payments does not extend to property purchased with those funds.

The relevant federal statute, 38 U.S.C. § 5301, provides in pertinent part that:

> (a) Payments of benefits *due or to become due* under any law administered by the Secretary [of Veterans Affairs] shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable

---

1. We note that § 3101 has since been renumbered § 5301(a); however, with one minor exception, the relevant language of both provisions is identical.

process whatever, either before or after receipt by the beneficiary. The preceding sentence shall not apply to claims of the United States arising under such laws nor shall the exemption therein contained as to taxation extend to any property purchased in part or wholly out of such payments. (Emphasis added.) The United States Supreme Court in *Porter v. Aetna Casualty and Surety Company*, 370 U.S. 159, 162, 82 S.Ct. 1231, 8 L.Ed.2d 407, 410 (1962), construed § 3101(a) as exempting veterans' disability benefits only if "the benefit funds ... are readily available as needed for support and maintenance, actually retain the qualities of moneys, and have not been converted into permanent investments." In an earlier decision, *Carrier v. Bryant*, 306 U.S. 545, 547, 59 S.Ct. 707, 83 L.Ed. 976 (1939), the Court had concluded that disability benefits invested in property no longer fell within the immunizing language because they could no longer be considered payments of benefits "due or to become due."

Similarly, the Wisconsin Court of Appeals in *Pfeil v. Pfeil*, 115 Wis.2d 502, 341 N.W.2d 699, 702–03 (1983) cited *Porter* and *Carrier* as authority for its conclusion in a dissolution action that disability benefit payments invested in a mortgage note and real estate purchase lost their exempt character:

> Recognizing the distinction between benefits payments and property purchased with money therefrom, the high Court [in *Carrier*] held "it very clear that there was an end to the exemption when they lost the quality of moneys and were converted into land and buildings." *Id.* at 549, 59 S.Ct. at 709. This is, of course, no more than the reverse side of the coin of the test of "immediately available" as spelled out in *Porter.* Applied here, it means that the $18,000 bank account retained its exempt status but that the $20,000 invested in the mortgage note lost its exemption.

As to the trial court order that four lots in the state of Florida be put up for sale

and the proceeds divided equally between the parties, there is no basis for a successful challenge by the appellant. The trial court found that there had been no claim of exemption raised at the time of trial and held that the appellant's right to raise the issue had been waived. We would agree, but because the case is going back on remand for a new trial court order as to the division of property between the parties, we find reason for going beyond waiver *to hold that the lots, like the mortgage note, even if entirely purchased with disability benefits payments, lost their exemption when invested in the real estate purchase. Carrier,* 306 U.S. at 549, 59 S.Ct. at 709.

(Emphasis added.) *See also Gray v. Gray,* 922 P.2d 615 (Okla.1996) (two vans and motor home purchased with veterans' disability benefits were marital property because exempt status was lost when benefits were converted to personal property).

 We are thus convinced, under *Porter* and *Carrier,* that Marshall's disability benefits lost their exempt status when invested in the parties' residence. The residence was marital property subject to division in just proportions under KRS 403.190. Having found that Marshall's disability payment funds had been co-mingled with Ardith's earnings and the proceeds of the tobacco enterprise to purchase the property, the trial judge did not err in awarding one-half of the equity in the residence to Ardith.

The judgment of the Hardin Circuit Court is affirmed.

All concur.